**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-20157-Civ-WILLIAMS/TORRES

MARLENE CUETO IGLESIAS and
MIRIAM IGLESIAS ALVAREZ,

Plaintiffs,

v.

PERNOD RICARD, S.A.,

Defendant.

______________________________________________/

**ORDER ON PLAINTIFFS' SECOND RENEWED MOTION FOR JURISDICTIONAL DISCOVERY**

This matter is before the Court on Marlene Cueto Iglesias's and Miriam Iglesias Alvarez's (collectively, "Plaintiffs") renewed motion for leave to conduct limited jurisdictional discovery. [D.E. 76]. Pernod Ricard S.A. ("Defendant") responded on November 23, 2020 [D.E. 77] to which Plaintiffs replied on December 1, 2020. [D.E. 78]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed above, Plaintiffs' motion is **DENIED**.

## *I. ANALYSIS*

This is an action that Plaintiffs filed under the Cuban Liberty and Democratic Solidarity Act (the "Helms-Burton Act") that Congress enacted in 1996 to assist Cuban people residing in the United States.[1] Plaintiffs allege, that in 1963, the Cuban Government expropriated property that belonged to a Cuban company named Conac Cueto. This property included intellectual property, oak barrels, bottles, labels, corks, tasters, meters, and other assets the company used in the production and sale of cognac. [D.E. 57 at 14]. After these items were taken, a state-owned enterprise in Cuba was formed and approximately thirty years later, Defendant began manufacturing and selling "Havana Club" brand rum. Plaintiffs claim that Defendant – a French-based company – operated this venture in a partnership with the Cuba owned entity in violation of the Helms-Burton Act.

On August 17, 2020, the Court granted in part Defendant's motion to dismiss for lack of personal jurisdiction because "a foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." [D.E. 55 at 13]. This meant that, "even if Plaintiff had sufficiently alleged [that] Pernod USA was the alter ego of Defendant Pernod for purposes of satisfying Florida's long-arm requirement of 'substantial and not isolated activity' in the state, Pernod's connections with Florida are not 'so continuous and systematic' as to render [it] essentially at home' here,"

[1] One of the Act's primary purposes is "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime." 22 U.S.C. § 6022(6).

and therefore Plaintiffs could not establish general jurisdiction. *Id*. (citations omitted). The Court further held that Plaintiffs had failed to allege any facts to support specific jurisdiction but gave Plaintiffs leave to file another complaint to advance these allegations, if appropriate.

When the Court granted in part the motion to dismiss, it denied Plaintiffs the opportunity to conduct jurisdictional discovery. [D.E. 55]. Specifically, the Court found that Plaintiffs had failed to "sufficiently explain the type of discovery they seek to conduct or the facts that they hope to discover that would be sufficient to establish personal jurisdiction over Defendant in this case." *Id*. at 26. The Court did not, however, deny this request with prejudice. The Court allowed Plaintiffs to renew their request at a later date if they could specify with particularity the discovery sought and the information they anticipated would establish that the Court has personal jurisdiction over this Defendant.

One month later, Plaintiffs renewed their motion for jurisdictional discovery after filing a second amended complaint [D.E. 57] on the basis that they alleged a *prima facie* case for personal jurisdiction. Plaintiffs claimed that Defendant created several subsidiary companies that imported, marketed, and sold spirits throughout the State of Florida and that gave rise to substantial and significant activity. Plaintiffs also stated that jurisdictional discovery would show, among other things, that Defendant is the alter ego of these Florida-based subsidiaries, that Defendant agreed to submit to jurisdiction in Florida by doing business here, that Defendant solicited business in Florida, and that Defendant generated substantial revenues

through these companies. *See id.* at ¶¶ 28-31. Indeed, Plaintiffs asserted that, if they were allowed to conduct jurisdictional discovery, discovery would reveal at a minimum that:

> Pernod Ricard is the alter ego of its Florida-based subsidiaries and entered into repeated contracts [with these] Florida based businesses;
>
> Pernod Ricard authorized, agreed and acquiesced to permit its Florida-based subsidiaries to be its agents for the marketing and sale of spirits owned and/or distributed by Pernod Ricard;
>
> Pernod Ricard agreed to submit to jurisdiction in Florida in doing business with other Florida based businesses;
>
> Pernod Ricard solicited business in the Florida by and through its Florida-based subsidiaries, which operate as an alter-ego of Pernod Ricard;
>
> Pernod Ricard generated substantial revenues from conducting business with Florida based businesses; and
>
> Pernod Ricard has regular, systematic and routine communications with its Florida-based subsidiaries for the purposes of conducting business.

[D.E. 63 at 4].

On October 30, 2020, the Court denied Plaintiffs' renewed motion for jurisdictional discovery because Plaintiffs failed to make clear the limited discovery they needed, how it established either general or specific jurisdiction, and what factual issues remained in dispute. [D.E. 75]. The Court also stated that, if Plaintiffs could correct these errors, a renewed motion could be filed. Plaintiffs filed that second renewed motion on November 9, 2020 and that motion is now ripe for disposition.

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (citations omitted). Plaintiffs have a "qualified right" to jurisdictional discovery "if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation." *Id.* at 729, n.7. The question of jurisdictional discovery is therefore a balance of competing interests:

> On one hand, the avowed purpose of the Federal Rules is to minimize the importance of procedural technicalities and to allow a court to decide cases on the merits. On the other, a court should decide only those cases that are properly before it, and the defendant has a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking.

*Eaton*, 692 F.2d at 730. We note, however, that it is not entirely accurate that a district court has complete discretion to grant or deny a request for jurisdictional discovery when the jurisdictional facts are in dispute. It is more appropriate to say that discretion is limited "to the form that the discovery will take," as opposed to whether there will be jurisdictional discovery at all. *Id.* Thus, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003).

Having now filed a second renewed motion, Plaintiffs claim that they have complied with the Court's instructions and that they should be allowed to conduct

limited discovery of Defendant's financial records. More specifically, Plaintiffs seek financial records for both Defendant and its U.S.-based subsidiaries for all sales related to Havana Club, including other liquor brands that Defendant owns. Plaintiffs seek to use this discovery – in the form of interrogatories, requests for production, and depositions – to establish specific jurisdiction.

We agree, in some respects, that Plaintiff's motion fixes at least one of the errors previously identified. The motion clarifies, for example, that the aim of the proposed discovery is to establish specific jurisdiction and it includes a broad list of facts that Plaintiffs believe will be revealed in connection with Defendant's business activities. The problem is that the motion still falls short in many other respects.

Last time, the Court found that there was no limiting principle to inform what discovery Plaintiffs sought or an explanation as to how that discovery would establish personal jurisdiction. Plaintiffs have committed a similar error in their renewed motion because – when seeking the financial records for both Defendant and its U.S.-based subsidiaries – the discovery requested now includes other liquor brands that appear to have no connection with the facts of this case.[2]

That is not, however, the only error presented. Plaintiffs seek the financial records of all sales related to Havana Club, but there is not even a time period included with their proposal. It is therefore difficult to see how this proposal constitutes *limited* discovery. It is also unclear why the proposed discovery is not

[2] Plaintiffs acknowledged this mistake in their reply when they conceded that this type of request would be overly burdensome for Defendant to review and produce. [D.E. 78 at 4 ("Requesting the sales of 'other liquor brands' owned by Defendant could be overly burdensome for Defendant to review and produce.")]. It therefore appears that Plaintiffs withdrew this portion of their motion.

limited solely to Florida if the goal here is to establish specific jurisdiction with this particular state. The request, as it stands now, could sweep in items that have nothing to do with Florida. This also overlooks the vague language that Plaintiffs used in their motion when they requested discovery on "financial connections" between Defendant and its U.S.-based subsidiaries. Whether this includes invoices or sales with certain subsidiaries remains unclear. To put it simply, Plaintiffs have again dropped the ball in presenting a limited form of discovery to establish personal jurisdiction.

Surprisingly, that is not even the biggest problem with Plaintiffs' motion. When the Court denied Plaintiffs' motion last time, the Court stated that "[i]f Plaintiffs wish to engage in jurisdictional discovery, they must explain specifically . . . how [the proposed discovery] will inform either general or specific personal jurisdiction." [D.E. 75 at 7]. Plaintiffs now assert that the "[d]iscovery of financial connections between Defendant, the . . . [s]ubsidiaries, and the state of Florida will help the Court establish[ ] specific personal jurisdiction over Defendant." [D.E. 76 at 4-5]. Presenting one additional sentence on how personal jurisdiction would be established is not what the Court anticipated when it gave Plaintiffs leave to file an amended motion. The Court wanted Plaintiffs to set forth the issues that remain in dispute, present a limited and specific proposal for discovery, and explain in detail how the proposed discovery would establish either specific or general jurisdiction. One additional sentence does not accomplish these objectives. The Court found last time that Plaintiffs could not meet that burden with the filing of a three-page

motion for jurisdictional discovery because many more specifics were required. Yet, Plaintiffs responded this time with a four and a half page motion that is again short on details.

Plaintiffs defend their decision to only include one additional sentence on how jurisdiction might be established because – while they acknowledge that their motion might be short on substance – it states that financial records will save the day. [D.E. 78 at 4 ("Although one sentence, this statement directly explains to the Court that the financial records could establish enough contacts in the forum state to warrant personal jurisdiction.")]. Yet, that is not compelling because, even if we assume that Defendant is the alter ego of several U.S.-based subsidiaries, it remains unclear how any of these financial connections (whatever that means) establish specific jurisdiction. Plaintiffs needed to grapple with that issue and explain how a limited form of discovery, if provided, would establish specific jurisdiction. Unfortunately, Plaintiffs have failed again to remedy the shortfalls previously identified and therefore the motion for leave to take jurisdictional discovery is **DENIED**.

## *II. CONCLUSION*

For the foregoing reasons, Plaintiffs' motion for leave to take jurisdictional discovery is **DENIED**. [D.E. 76].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of December, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge