UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-20157-CIV-WILLIAMS

MARLENE CUETO IGLESIAS and
MIRIAM IGLESIAS ALVAREZ,

      Plaintiffs,

vs.

PERNOD RICARD,
Public Société Anonyme,

      Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Second Amended Complaint. (DE 64). Plaintiffs filed a response to the Motion (DE 70), and Defendant filed a reply (DE 74). For the reasons set forth below, the Motion is GRANTED.

This case arises from Plaintiffs' claim pursuant to Title III of the LIBERTAD Act, 22 U.S.C. § 6082. Plaintiffs allege that Defendant trafficked in property owned by their family, which was confiscated by the Cuban Government on or after January 1, 1959. In all three complaints that have been filed, Plaintiffs allege that the Cuban Government forcefully confiscated Conac Cueto, C.I.A., ("Cueto") a Cuban-based cognac producer and seller, founded by Fernando Tomas Cueto Sanchez.[1] Plaintiffs further allege that all Cueto's assets, including intellectual property, were seized by the Cuban Government without compensation, merged into the Cuban Government Rum Company and eventually rebranded as Havana Club.

---

[1] Plaintiffs are the surviving daughter and widow of Fernando Tomas Cueto Sanchez. (DE 57 ¶ 12).

Defendant moved to dismiss the First Amended Complaint, in part, on the grounds that the Court lacked personal jurisdiction over Defendant. Pernod is a French corporation organized under foreign law. Its principal place of business is located at 12 Place des Etats-Unis, 75783 Paris Cedex 16, France. And while Pernod is a foreign publicly traded company that, through its subsidiaries, does business in the State of Florida, Pernod does not maintain a registered agent in the State of Florida. Consequently, the Court found that Defendant's contacts with the State of Florida alone were insufficient to establish the general jurisdiction requirements of the Florida Long-Arm statute over Defendant.

Furthermore, in dismissing the First Amended Complaint, the Court found that Plaintiffs failed to sufficiently allege an alter-ego theory. However, even if Plaintiffs had sufficiently alleged that Pernod USA was the alter ego of Defendant Pernod for purposes of satisfying Florida's long-arm requirement of "substantial and not isolated activity" in the state, Pernod's connections with Florida are not "so 'continuous and systematic' as to render [it] essentially at home" here. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)); *Daimler AG v. Bauman*, 571 U.S. 117, 138−39 (2014).[2]

The Court granted Defendant's motion to dismiss, giving Plaintiffs leave to file a motion for jurisdictional discovery and the Second Amended Complaint. Plaintiffs filed a motion for jurisdictional discovery (DE 58), which Magistrate Judge Edwin G. Torres

---

[2] The Court also found that Plaintiffs failed to allege Defendant was subject to specific personal jurisdiction. (DE 55 at 13-16).

denied as procedurally deficient (DE 60). Plaintiffs filed a renewed motion for "limited" jurisdictional discovery. (DE 63). Magistrate Judge Torres denied the renewed motion, finding that Plaintiffs failed to inform the Court what discovery they sought or how it would establish personal jurisdiction.[3] (DE 75). Plaintiffs filed a final renewed motion for limited jurisdictional discovery (DE 76), which Magistrate Judge Torres again denied, finding that Plaintiffs failed to "remedy the shortfalls" identified in the orders denying Plaintiffs' previous motions. (DE 79).

As with Plaintiffs' second renewed motion for jurisdictional discovery, Plaintiffs' Second Amended Complaint fails to remedy the shortfalls identified in the Court's order dismissing the First Amended Complaint. Plaintiffs did not add any meaningful substance to their jurisdictional allegations—they continue to assert the conclusory allegation that Defendant is the alter ego of its subsidiaries—and instead, appear to rely on the possibility of conducting jurisdictional discovery, a possibility that they did not appropriately pursue over the course of more than three motions.

The Court acknowledges that the Plaintiffs did add an allegation that one of Defendant's United States subsidiaries "allows international travelers departing from the Miami Airport . . . to purchase Havana Club and Martell Cohiba Cognac, duty free." (DE 57 ¶ 31). And in response to the Motion to Dismiss, Plaintiffs argue "Defendant's action of marketing, selling, and distributing the Havana Club rum through PRSA's web site to Florida Residents is more than sufficient to establish the minimum contacts necessary to enable Florida courts to exercise personal jurisdiction over Defendant." (DE 70 at 9).

---

[3] The Court notes that it denied Plaintiffs' initial request for jurisdictional discovery posed in their response to the prior motion to dismiss for this same reason. (DE 55 at 25−26).

However, Plaintiffs fail to appreciate the fact that this allegation and argument regarding duty-free shops in international airports and generally accessible websites would render foreign corporations subject to personal jurisdiction in nearly every major city in the United States where a consumer has access to an airport and the internet. Courts in this circuit have routinely found that general and specific personal jurisdiction cannot be premised on allegations of similar or even more substantial contacts than these. *See, e.g.*, *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1004 (11th Cir. 2015) (affirming dismissal for lack of general personal jurisdiction against a French company that manufactures catamaran vessels where 12 percent of the company's sales were to U.S.-based distributers, the company markets its catamarans in U.S.- and Florida-based magazines, and the company sends representatives to boat trade shows in Miami); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business."); *Estate of Fraser v. Smith*, 2007 WL 5007084, at *4−6 (S.D. Fla. Nov. 13, 2007), *aff'd*, 594 F.3d 842 (11th Cir. 2010) (holding that general jurisdiction in Florida could not be exercised over a foreign tour operator whose contacts with Florida consisted of purchasing and taking delivery of boats; sending two shareholders to negotiate the purchase of the boats; advertising in local publications; running an interactive website conducting business; sending an employee to attend a five-month course; directing an employee to attend a trade show to promote its tours; and entering into commission

agreements with Florida corporations and individuals); *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, No. 20-21630-CIV, 2021 WL 1648222, at *5 (S.D. Fla. Apr. 27, 2021) (Scola, J.) (finding no personal jurisdiction in a Helms-Burton Act case over a Canadian corporation with its principal place of business in Canada where the defendant allegedly mined stolen lands in Cuba, owned subsidiaries in Washington state, and operated a zinc mine in Alaska); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1334 (S.D. Fla. 2016) (finding no personal jurisdiction over foreign vacation excursion company where the company sold excursion tickets through Carnival Corporation's website where "[s]elling excursion tickets in the United States through Carnival's website can be readily identified as an 'ordinary business activit[y]' that the Eleventh Circuit has determined is 'far from atypical for foreign corporations' and insufficient to warrant exercising general jurisdiction under Rule 4(k)(2).") (quoting *Schulman*, 624 Fed.Appx. at 1006) (citing *Fraser*, 594 F.3d at 850; *Consol. Dev. Corp. v. Sherritt, Inc*., 216 F.3d 1286, 1294 (11th Cir.2000)).

Accordingly, for the reasons set forth above and in the Court's order dismissing the First Amended Complaint (DE 55), it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 64) for lack of personal jurisdiction is **GRANTED**. Plaintiffs' Second Amended Complaint is **DISMISSED** for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). All pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>17th</u> day of June, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE